## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SABINE CASEY,

                Plaintiff,

vs.

Case No. 08-CV-315-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

## OPINION AND ORDER

Plaintiff, Sabine Casey, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff''s application for disability insurance benefits was filed September 27, 2005, on March 2, 2006, she protectively filed an application for Supplemental Security Income benefits.  These applications were denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") John Volz was held September 27, 2007.  By decision dated October 19, 2007, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on April 3, 2008.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 44 years old at the time of the hearing.  She has formerly worked as a greeter, doughnut fryer, and cake decorator.  She claims to have been unable to work since November 1, 2003, as a result of chronic back pain, carpal tunnel syndrome, and obesity. Plaintiff's alleged onset date is the day after a previous application for benefits was denied by an ALJ.  Plaintiff appealed that denial to this court.  In Case No. 04-CV-575-FHM the court affirmed the ALJ's decision.  [04-CV-575; Dkt. 17].  Plaintiff took no further appeal of that decision.

In the instant case, the ALJ determined that Plaintiff has the residual functional capacity to perform the full range of light work, except that she can perform only limited reaching in front of the body. [R. 17].  The ALJ found that Plaintiff is capable of performing her past relevant work as a greeter.  Alternatively, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of other jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to consider the opinion of Dr. Hatchett her treating physician, failed to properly evaluate her credibility, and that the RFC finding is not supported by substantial evidence. The Court finds that the ALJ erred by failing to address Dr. Hatchett's opinions and therefore the ALJ's decision must be REVERSED and the case REMANDED for further proceedings.

The record contains opinions by Dr. Hatchett, the physician who performed right and left front rib resection surgeries on Plaintiff. In a note dated May 25, 1999, Dr. Hatchett wrote that Plaintiff had a permanent restriction of no repetitive movements of her right arm and no lifting over 10 pounds. [R. 136]. On March 31, 2000, Dr. Hatchett wrote that Plaintiff is unable to work at jobs requiring repetitive arm or hand motions and no jobs requiring arm movements above shoulder level. *Id.* The ALJ did not mention these opinions in his decision. The Commissioner argues that Dr. Hatchett's opinions are not relevant because they do not relate to the period under consideration and that Plaintiff's argument is an attempt to relitigate issues that were decided in a previous application for benefits.[2]

In the appeal of the previous decision denying benefits, the court affirmed the ALJ's decision, finding that the ALJ properly considered and rejected the opinion of Dr. Hatchett. [04-CV-575; Dkt. 17, p. 6]. The rejection of Dr. Hachett's opinion has become final and is not subject to further review. *See* 20 C.F.R. §§ 404.957(v)(1), 416.1457(c)(1); *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 441, 414, 66 L.Ed.2d 308 (1980)( a final judgment on

---

[2] The court received additional briefing from the parties on the question of the *res judicata* effect of the previous application for benefits and appeal thereof. [Dkt. 21, 22, 23].

the merits precludes the parties from relitigating issues that were or could have been raised in that action).

However, the opinion under consideration in the earlier court case was an opinion Dr. Hatchett rendered on August 8, 2003, which contained more extensive restrictions than the 1999 and 2000 opinions.[3]   The question in the present case pertains to the ALJ's treatment of the restrictions contained in Dr. Hatchett's 1999 and 2000 opinions.  Those opinions were not rejected by the ALJ in the previous case and seemed to be incorporated in the ALJ's RFC finding that Plaintiff possessed the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; walk and/or stand for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday, limited by no constant use of her hands for such things such as keyboarding, and avoiding work above the shoulder level.  [Case No. 04-CV-675; Dkt. 17, p. 2].

In the present case the ALJ's RFC determination is less restrictive than that of the previous case in that the current RFC contains no restrictions on repetitive motions or working above shoulder level. [R. 17].  The ALJ arrived at the present RFC determination without discussing, rejecting, or even mentioning Dr. Hatchett's 1999 and 2000 opinions, which the court finds is error.

In *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), the Court stated that:

---

[3] Dr. Hatchett's 2003 opinion consisted of a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form where Dr. Hatchett indicated Plaintiff could: lift and carry less than 10 pounds; stand and walk less than two hours in an 8-hour work day; sit about 6 hours in an 8-hour work day, all as a result of residual deficits from bilateral outlet syndrome.  He also indicated she should never climb, balance, kneel, crouch, or crawl, and had limitations in her abilities to reach, handle and finger.  The ALJ did not "accord any weight to the August 8, 2003, opinion of Dr. Hatchett regarding [Plaintiff's] limitations." [04-CV-675; Dkt 17, p. 5-6, quoting the ALJ's decision].

> [E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ.

The *Hamlin* Court cited *Groves v. Apfel*, 148 F.3d 809, 810-11 (7th Cir. 1998) in support of that statement. In *Groves*, the Court stated that the application of *res judicata* bars attempts to relitigate a claim that had previously been litigated, but noted that a claim that one became disabled in 1990, for instance, is not the same as a claim that one became disabled in 1994. Under the collateral estoppel concept of *res judicata*, a judgment denying an earlier claim may bar relitigation of issues essential to the second claim. However, if a condition is progressive there may not be any inconsistency in a finding that a claimant was not disabled at some point, but disabled at a later time. Thus, there is no absolute bar to admission of evidence in a second proceeding that was introduced in an earlier agency proceeding where the agency was not persuaded to award benefits. The readmission of such evidence "is barred only if a finding entitled to collateral estoppel effect establishes that the evidence provides no support for the current claim." *Id.* (citation omitted). For instance, readmission of the evidence would be barred if the evidence had been found unworthy of belief. *Id.*

Applying the foregoing concepts to the instant case, the court finds that Plaintiff is collaterally estopped from relying on Dr. Hatchett's 2003 opinion which was rejected by the ALJ. But, Plaintiff is not precluded from relying on the 1999 and 2000 opinions which were not rejected by the ALJ in the previous case and are relevant to her medical history and condition.

The record reflects that Plaintiff's counsel called Dr. Hatchett's 2000 restrictions to the ALJ's attention at the hearing and argued that the opinion of the doctor who performed surgery to relieve the symptoms of which Plaintiff complains would be especially credible. [R. 191-92]. At the hearing, the ALJ stated that Dr. Hatchett's restrictions were "obviously rejected by [the previous ALJ]." [R. 191]. As demonstrated above, the 2000 restrictions were not rejected by the previous ALJ and, in fact, were mostly adopted in the ALJ's RFC determination.

The court finds that *res judicata* and collateral estoppel do not compel a finding that Plaintiff is precluded from relying on Dr. Hatchett's 1999 and 2000 opinions as a basis for reversal. The ALJ's decision does not demonstrate that he considered those opinions. Further, consideration of those opinions may impact the ALJ's credibility analysis and his RFC determination. Consequently, the ALJ's decision must be reversed and the case must be remanded for further consideration.

Consideration of Dr. Hatchett's 1999 and 2000 opinions will necessarily require the ALJ to reconsider his RFC determination and Plaintiff's credibility. Therefore, the court will not discuss Plaintiff's allegations in detail. However, the ALJ is reminded of the requirement to carefully consider all the relevant evidence and to link his findings to specific evidence. *See Clifton v. Chater,* 79 F.3d at 1007, 1009-10 (10th Cir.1996) (holding the "record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "discuss[ ] the evidence supporting his decision, ... the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects"). Further, when an ALJ decides to disregard a medical report by a claimant's physician, he must set forth "specific, legitimate reasons" for his decision. *Miller v. Chater,* 99 F.3d 972, 976 (10th

6

Cir.1996) (quoting *Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir.1987)) (further quotations omitted).  The ALJ's decision must contain enough detail to enable a reviewing court to conduct a meaningful review of the ALJ's determination.  *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"),  *Washington v. Shalala,* 37 F.3d 1437, 1437 (10th Cir. 1994) (failure to apply the correct legal standard or to provide the court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal).

Based on the foregoing analysis, the ALJ's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 26th day of June, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE