## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SABINE E. CASEY,

              Plaintiff,

vs.

MICHAEL ASTRUE, Commissioner,
Social Security Administration,

              Defendant.

Case No. 08-CV-315-FHM

## OPINION AND ORDER

The Motion of Plaintiff's Counsel for Attorney Fees [Dkt. 33] is before the undersigned United States Magistrate Judge for decision. The motion is GRANTED as provided herein.

### Relief Pursuant to Fed. R. Civ. P. 60(b)(6)

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On June 26, 2009, the Court remanded this case to the Commissioner for further administrative action. [Dkt. 26]. On December 11, 2009, the Commissioner issued a decision awarding benefits to Plaintiff. [Dkt. 33, p. 1]. On March 11, 2010, a Notice of Award was issued which explained that 25% of past-due benefits, an amount of $12,822.75

was being withheld for payment of attorney fees. [Dkt. 33-2, p. 5]. The instant motion was filed on March 25, 2010.

The Court finds that the instant motion was filed within a reasonable time of the decision awarding benefits. The request for relief pursuant to Fed. R. Civ. P. 60(b)(6) is GRANTED.

### Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)

Counsel seeks approval of an attorney fee award of $ 6,822.75 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to the requested fee award. [Dkt. 23-3, 33-4]. The Court previously granted Plaintiff's application for an award of $ 3,928.45 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court.   [Dkt. 31].   The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff.

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an

"independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

The undersigned concludes that the requested fee award of $6,822.75 which is 13.3% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the agreement between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $333 per hour for 20.5 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $ 3,928.45, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir.

1986), the net result is an out-of-pocket payment from Plaintiff of $ 2,894.30 which is just over 5% percent of her past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Dkt. 33] is GRANTED as follows:

Counsel is awarded $6,822.45 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $3,928.45 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 13th day of February, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE